JOURNAL ENTRY and OPINION
On January 11, 2001, Sherman Sherrills applied to reopen this court's judgment in State of Ohio v. Sherman Sherrills (Dec. 11, 2000), Cuyahoga App. No. 77178, unreported, which affirmed Mr. Sherrills' conviction and sentence for burglary. On February 9, 2001, the state filed its brief in opposition. For the following reasons, this court denies the application.
On December 30, 1997, when two police officers responded to a burglary in progress, they saw Mr. Sherrills exiting a house and putting a television set into his car. When they approached him, he ran away. Through the questioning of Mr. Sherrills' girlfriend, who had reported the car stolen, the officers learned where he lived. When they arrived at the house, which was rented by his mother, they identified Mr. Sherrills as the perpetrator and arrested him. When asked if he wanted a jacket, he said "yes." Through his mother the officers obtained permission to go into his attic apartment where they found the jacket and gloves he was wearing during the burglary.
He was indicted for theft and burglary. Before trial, Mr. Sherrills riled a pro se motion to suppress the jacket and gloves. His lawyer argued the motion and the court denied it. Mr. Sherrills then pleaded guilty to burglary; the theft count was nolled. Before sentencing, Mr. Sherrills moved to withdraw his guilty plea, but the court denied the motion after hearing Mr. Sherrills' claims of innocence.
On appeal his counsel argued that the trial court erred in denying the motion to suppress and in failing to hold a hearing on the motion to withdraw guilty plea. Mr. Sherrills now argues that his appellate counsel was ineffective for failing to argue (1) the ineffectiveness of trial counsel in not filing the motion to suppress, (2) the lack of subject matter jurisdiction because no jury waiver was filed, and (3) violation of the ex post facto clause of the United States Constitution. These claims are meritless.
First, R.C. 2945.05, requiring the filing of a written waiver of a jury, is not applicable when the accused enters a plea of guilty. Martinv. Maxwell (1963), 175 Ohio St. 147 and State v. Childress (Nov. 26, 1997), Cuyahoga App. No. 71956, unreported, reopening disallowed (July 23, 1998), Motion No. 92392.
Mr. Sherrills' ex post facto claim fails because he does not even identify which statute violates the clause, much less demonstrate the relationships among the passing of the statute, his proceedings and the crime charged. Cf. State v. Kelly (Nov. 18, 1999), Cuyahoga App. No. 74912, unreported, reopening disallowed (June 21, 2000), Motion No. 12367 — "cryptic phrases" are insufficient to fulfill the requirements of App.R. 26(B).
Finally, Mr. Sherrills' claims that his trial counsel was ineffective "for failure to file his/her own brief or motion for suppression for violation of appellants Fourth Amendment right to privacy and illegal search and failed to present offer of factual innocence in the way of evidence of property cards and jail receipts which the prosecutor withheld that were exculpatory in nature and the prosecutor had a continual duty to disclose to defense counsel at trial, but for counsel's ineffectiveness at trial the outcome would have been differrent and but for Appellate counsel's failure to raise the claim of ineffective assistance of trial coursel a clear and Manifest Injustice has occured to the appellants; prejudice in appeal." (Pgs. 2-3 of application; spelling and punctuation in the original.) To the extent that this arguments dependent on evidence outside the record, appellate counsel was not deficient in not arguing the issue, because appellate counsel is bound by the record. Moreover, the motion to suppress and the claim of actual innocence was placed before the judge by Mr. Sherrills and his trial counsel. Appellate counsel assigned as error the judge's ruling on the motion to suppress. Appellate counsel was not deficient for not arguing indirectly what he argued directly. Furthermore, Mr. Sherrills' conclusory and speculative statements are not persuasive.
The court denies the application to reopen.
FRANK D. CELEBREZZE, JR., J., and JAMES J. SWEENEY, J., CONCUR.